UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TANGLE, INC.,
                              Plaintiff,

                            21 Civ. 9352 (LGS)

                -against-

                              ORDER

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
A HERETO,
                            Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, by the Default Judgment Order dated February 3, 2022, Plaintiff was granted judgment against the Defaulting Defendants identified on the First Amended Schedule A attached thereto, with damages to be "determined at an inquest" (Dkt. No. 40), and Plaintiff's request for damages was referred to Magistrate Judge Robert W. Lehrburger (Dkt. No. 41);

      WHEREAS, on June 29, 2022, Judge Lehrburger issued a Report and Recommendation (the "Report") recommending that Plaintiffs be awarded damages in the amount of $50,000 against each of the Defaulting Defendants identified in Attachment A to the Report (Dkt. No. 69). Attachment A was derived from Plaintiff's Supplemental Proposed Findings of Fact and Conclusions of Law (Dkt. No. 61) and omitted previously named Defendants against whom Plaintiff did not seek damages for various reasons, including voluntary dismissal, satisfaction of judgment, etc.[1]  The Report also recommended that the holders of certain assets of the Defaulting

---

[1] Following the entry of the Default Judgment Order dated February 3, 2022, Plaintiff filed notices of voluntary dismissal as to several of the Defaulting Defendants (Dkt. Nos. 46, 53) and notices of satisfaction of judgment as to several others (Dkt. Nos. 57, 63).

Defendants that were frozen by the Default Judgment Order (the "Asset Holders") transfer those assets to Plaintiff to satisfy the judgments against the Defaulting Defendants;

WHEREAS, as stated in the Report, the deadline for any objections was fourteen days from service of the Report;

WHEREAS, on June 29, 2022, Plaintiff filed an affidavit of service declaring that the Report was served by email on "the Defaulting Defendants as identified in the Second Amended Schedule A" (Dkt. No. 70). Email was authorized as a means of service of the Default Judgment Order reasonably calculated under all the circumstances to provide the Defaulting Defendants notice of the pendency of the action (Dkt. No. 40);

WHEREAS, no objections were timely filed by the Defaulting Defendants;

WHEREAS, in reviewing a magistrate judge's report and recommendation, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). To invoke de novo review of the magistrate judge's recommendations, a party's objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (internal quotation marks omitted). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020) (internal quotation marks omitted);

WHEREAS, the Court finds no clear error on the face of the record as to the recommendation of damages or the recommendation that the Court issue an order directing that the Defaulting Defendants' assets held by the Asset Holders be transferred to Plaintiff subject to limitation by the damages amount awarded per each Defaulting Defendant;

WHEREAS, after the Report was issued, Plaintiff filed a notice of Satisfaction of Judgment as to Defendant No. 45, Overvloedi, "acknowledg[ing] payment of an agreed upon damages amount, costs, and interest and desir[ing] to release [its] judgment and hereby full and completely satisfy the same as to" that Defendant only (Dkt. No. 71).  It is hereby

**ORDERED and ADJUDGED** that the Report is ADOPTED except with respect to Defendant Overvloedi.  Plaintiffs are awarded damages in the amount of $50,000 against each of the following Defaulting Defendants:  Bestwin, BiAiBiYi, cataleya, Ct-Children's, DGFC TOY, Genvue, Goldtoy, Grapefruit flavour, GULU, Huang Neeky, Kidsmoon, Leconi Toy, Lovelybabymoon Factory, MadeInChinaYGF, Mommy's Flavour Mother and Baby, Muxin ToyBox, RZC kids Toy, sahdjfghj, Shop4046058, Shop4873033, Shop911257425, Shop911416625, Shop911418068, Shop911464053, Shop911536135, Shop911573018, Tasteful Party, The first Children Toy, TOBEFU, wild kid, wuzun, andrewho, cwmsports, dribehance, hirohome, jubaopen08, jubaopen09, newtoywholesale, octopus_wholesale, one-stopos Wedding Dress manufacturer, tangchao11, toyspro, wf245347, yunhai_wholesale_toy, cmltdbartz71_2, Dibibi, eThrif, FYMZ, JiangJiang0, jiquanchengmmla, Kevin cat, LifestyleDepartment, liushihang73734, Mustay, the spray is all washed out, Weirongyu, Yolie, Young world of Kailin, zhanghuarongpoos.  It is further

**ORDERED** that, by August 9, 2022, Plaintiff shall file a proposed order directing the Asset Holders to transfer to Plaintiff any assets of the Defaulting Defendants, subject to the condition that Plaintiff not collect more than $50,000 in total for each Defaulting Defendant.

Dated: August 4, 2022
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**