UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANGLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No.: 1:21-cv-09352 |

## ~~PROPOSED~~ DEFAULT JUDGMENT

THIS CASE having been commenced by Plaintiff TANGLE, INC. against the Defendants identified below on the Third Amended Schedule A (collectively, the "Defaulting Defendants") and using at least the domain names identified in the Third Amended Schedule A (the "Defaulting Defendant Domain Names") and the online marketplace accounts identified in the Third Amended Schedule A (the "Defaulting Online Marketplace Accounts"), and Plaintiff having moved for entry of Default and Default Judgment against the Defaulting Defendants;

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants that included a domain name disabling order and asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

1

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT FURTHER FINDS that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District.  Specifically, Defaulting Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of products utilizing the TANGLE trademark, U.S. Trademark Registration No.: 1779055, and/or copyrights covered by U.S. Copyright Office Registration Nos. VA 120-368, VA 1-232-933, VA 1-271-045, VAu 35-392, VAu 35-391, VAu 35-390, VAu 35-389, VAu 35-388, and VAu 35-387 (the "TANGLE Copyright Registrations"); and

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), copyright infringement (17 U.S.C. § 101 et seq.), and/or violation of unfair competition under New York common law.

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Default Judgment is entered against Defaulting Defendants.

Accordingly, this Court ORDERS that:

1.  Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a.  using Plaintiff's TANGLE trademark, TANGLE Copyright Registrations, or any reproductions, counterfeit copies, or colorable

imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TANGLE product or not authorized by Plaintiff to be sold in connection with Plaintiff's TANGLE trademarks and/or TANGLE Copyright Registrations;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TANGLE product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's TANGLE trademark and/or TANGLE Copyright Registrations;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's TANGLE trademarks and/or TANGLE Copyright Registrations and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's TANGLE trademark and/or TANGLE Copyright Registrations or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant

3

                              Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit TANGLE products; and

       h.     operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's TANGLE trademark and/or TANGLE Copyright Registrations or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine TANGLE product or not authorized by Plaintiff to be sold in connection with Plaintiff's TANGLE trademark and/or TANGLE Copyright Registrations.

2.     The domain name registries for the Defaulting Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall disable the Defaulting Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

3.     Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, eBay, PayPal, Wish, DHgate, Payoneer, or AliExpress, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defaulting Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

       a.     disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the TANGLE trademarks and/or Copyright

4

      Registrations, including any accounts associated with the Defaulting Defendants listed on the Third Amended Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the TANGLE trademarks and/or Copyright Registrations; and

  c. take all steps necessary to prevent links to the Defaulting Defendant Domain Names identified on the Third Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defaulting Defendant Domain Names from any search index.

4. Amazon.com and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

5. DHgate and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. ContextLogic, Inc. ("Wish") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. PayPal, Inc. ("PayPal") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

8. Payoneer, Inc. ("Payoneer") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

9. eBay, Inc. ("eBay") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

10. AliExpress and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

11. Ping Pong Global Solutions, Inc. ("Ping Pong") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

12. Coinbase Global, Inc. ("Coinbase") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts

connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

13. LianLian Global t/as LL Pay U.S., LLC ("LianLian") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

14. AllPay Limted ("AllPay") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

15. Union Mobile Financial Technology Co., Ltd. ("Union Mobile") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

16. Alibaba and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

17. Bank of China and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants'

websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

18. Hyperwallet and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

19. JD.com ("JD") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

20. Joom and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

21. Lakala and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

22. OFX and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

23. Paxful, Inc. and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

24. PayEco and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

25. SellersFunding and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

26. Shopify and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

27. Stripe and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

28. Walmart and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting

Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

29. Wise/TransferWise and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

30. World First UK Ltd. ("World First") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Third Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

31. Pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504, Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000.00).

32. All monies currently restrained in Defaulting Defendants' financial accounts, up to the above-awarded amount of damages, including monies held by Amazon, PayPal, eBay, Wish, DHGate, AliExpress, Payoneer, Ping Pong, Coinbase, LianLian, AllPay, Union Mobile, Alibaba, Bank of China, Hyperwallet, JD, Joom, Lakala, OFX, Paxful, PayEco, SellersFunding, Shopify, Stripe, Walmart, Wise/TransferWise, and/or World First are hereby released to Plaintiff as partial payment of the above-identified damages, and Amazon, PayPal, eBay, Wish, DHGate, AliExpress, Payoneer, Ping Pong, Coinbase, LianLian, AllPay, Union Mobile, Alibaba, Bank of China, Hyperwallet, JD, Joom, Lakala, OFX, Paxful, PayEco, SellersFunding, Shopify, Stripe, Walmart, Wise/TransferWise, and/or World First are ordered to release to Plaintiff the amounts from Defaulting Defendants' accounts within ten (10) business days of receipt of this Order.

33.     Until Plaintiff has recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon, PayPal, eBay, Wish, DHGate, AliExpress, Payoneer, Ping Pong, Coinbase, LianLian, AllPay, Union Mobile, Alibaba, Bank of China, Hyperwallet, JD, Joom, Lakala, OFX, Paxful, PayEco, SellersFunding, Shopify, Stripe, Walmart, Wise/TransferWise, and/or World First in the event that any new accounts controlled or operated by such Defaulting Defendants are identified.  Upon receipt of this Order with respect to any Defaulting Defendant, Amazon, PayPal, eBay, Wish, DHGate, AliExpress, Payoneer, Ping Pong, Coinbase, LianLian, AllPay, Union Mobile, Alibaba, Bank of China, Hyperwallet, JD, Joom, Lakala, OFX, Paxful, PayEco, SellersFunding, Shopify, Stripe, Walmart, Wise/TransferWise, and/or World First shall within two (2) business days:

- a. Locate all accounts and funds connected to that Defaulting Defendant, that Defaulting Defendant's Online Marketplace Accounts, or Defaulting Defendants' websites, including, but not limited to, any accounts;
- b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of that Defaulting Defendant's assets; and
- c. Release all monies restrained in that Defaulting Defendants accounts to Plaintiffs as partial payment of the above-identified damages awarded against that Defendant within ten (10) business days of receipt of this Order.

34.     Until Plaintiff has recovered full payment of monies owed by any Defaulting Defendant, Plaintiff ~~shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by such Defaulting Defendants are identified.  Upon receipt of this Order with respect to any such Defaulting Defendant, the Financial Service Providers shall within two (2) business days:~~ may at any time file a motion to extend the asset restraint and release provisions of this Order to any other banks, savings and loan associations or other financial institutions in the event that any new financial accounts controlled or operated by such Defaulting Defendants are identified.

~~a. Locate all accounts and funds connected to that Defaulting Defendant, that Defaulting Defendant's Online Marketplace Accounts, or that Defaulting Defendant's websites, including, but not limited to, any accounts;~~

~~b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of that Defaulting Defendant's assets; and~~

~~c. Release all monies restrained in that Defaulting Defendant's accounts to Plaintiffs as partial payment of the above-identified damages awarded against that Defaulting Defendant within ten (10) business days of receipt of this Order.~~

35. In the event that Plaintiff identifies any additional online marketplace accounts, domain names, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by email at the email addresses identified by Plaintiff and any email addresses provided for Defaulting Defendants by third parties.

36. The fifteen thousand-dollar ($15,000) bond posted by Plaintiff, including any interest minus the registry fee, will be released to Plaintiff or their counsel upon notice to the Court that all non-defaulting defendants have been dismissed from the case. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiff or its counsel once such notice of provided.

Dated: August 9, 2022

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## THIRD AMENDED SCHEDULE A

| No. | Defaulting Defendant | Damages Award |
|---|---|---|
|  |  |  |
| 3. | Bestwin | $50,000 |
| 4. | BiAiBiYi | $50,000 |
| 5. | cataleya | $50,000 |
| 6. | Ct-Children's | $50,000 |
| 7. | DGFC TOY | $50,000 |
|  |  |  |
| 9. | Genvue | $50,000 |
| 10. | Goldtoy | $50,000 |
| 11. | Grapefruit flavour | $50,000 |
| 12. | GULU | $50,000 |
|  |  |  |
| 14. | Huang Neeky | $50,000 |
|  |  |  |
| 17. | Kidsmoon | $50,000 |
| 18. | Leconi Toy | $50,000 |
|  |  |  |
| 20. | Lovelybabymoon Factory | $50,000 |
| 21. | MadeInChinaYGF | $50,000 |
|  |  |  |
| 23. | Mommy's Flavour Mother and Baby | $50,000 |
|  |  |  |
| 25. | Muxin ToyBox | $50,000 |
|  |  |  |
| 27. | RZC kids Toy | $50,000 |
| 28. | sahdjfghj | $50,000 |
| 29. | Shop4046058 | $50,000 |
| 30. | Shop4873033 | $50,000 |
| 31. | Shop911257425 | $50,000 |
|  |  |  |
| 33. | Shop911416625 | $50,000 |
| 34. | Shop911418068 | $50,000 |
| 35. | Shop911464053 | $50,000 |

| No. | Defaulting Defendant | Damages Award |
|---|---|---|
| 36. | Shop911536135 | $50,000 |
| 37. | Shop911573018 | $50,000 |
| 38. | Tasteful Party | $50,000 |
| 39. | The first Children Toy | $50,000 |
| 40. | TOBEFU | $50,000 |
| 41. | wild kid | $50,000 |
| 42. | wuzun | $50,000 |
|  |  |  |
| 48. | andrewho | $50,000 |
|  |  |  |
| 51. | cwmsports | $50,000 |
| 52. | dribehance | $50,000 |
| 53. | hirohome | $50,000 |
|  |  |  |
| 56. | jubaopen08 | $50,000 |
| 57. | jubaopen09 | $50,000 |
|  |  |  |
| 59. | newtoywholesale | $50,000 |
| 60. | octopus_wholesale | $50,000 |
| 61. | one-stopos Wedding Dress manufacturer | $50,000 |
|  |  |  |
| 63. | tangchao11 | $50,000 |
|  |  |  |
| 67. | toyspro | $50,000 |
| 68. | wf245347 | $50,000 |
|  |  |  |
| 70. | yunhai_wholesale_toy | $50,000 |
| 71. | cmltdbartz71_2 | $50,000 |
| 72. | Dibibi | $50,000 |
| 73. | eThrif | $50,000 |

| No. | Defaulting Defendant | Damages Award |
|-----|---------------------|---------------|
| 74. | FYMZ | $50,000 |
| 75. | JiangJiang0 | $50,000 |
| 76. | jiquanchengmmla | $50,000 |
| 77. | Kevin cat | $50,000 |
| 78. | LifestyleDepartment | $50,000 |
| 79. | liushihang73734 | $50,000 |
| 80. | Mustay | $50,000 |
| 81. | the spray is all washed out | $50,000 |
| 82. | Weirongyu | $50,000 |
| 83. | Yolie | $50,000 |
| 84. | Young world of Kailin | $50,000 |
| 85. | zhanghuarongpoos | $50,000 |